IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KELVIN LEE TODD,

    PLAINTIFF,

V.

DAEWON AMERICA, INC.,

    DEFENDANT.

CIVIL ACTION NO.

3:11-CV-1077-

TRIAL BY JURY REQUESTED

## COMPLAINT

COMES NOW the Plaintiff by and through the undersigned attorneys, and for the causes of action, states the following:

**I.    JURISDICTION AND VENUE**

1.    This action for injunctive relief and damages is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. §1331. An Opt-in Collective Action is sought under FLSA 16(b).

**II.    PARTIES**

2.    Plaintiff Kelvin Lee Todd (hereinafter "Plaintiff") is a resident of Auburn, Lee County, Alabama and performed work for the Defendant in the counties

1

composing the Middle District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203)(e)(1). Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action properly lies in the Middle District, Eastern Division.

3. Defendant, Daewon America, Inc. ("Defendant"), is registered and does business in the State of Alabama. Defendant is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s). Defendant is a company doing business in the State of Alabama.

### III. FACTUAL SUMMARY

4. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 3 above as if fully set forth herein.

5. Plaintiff began work with Defendant on September 2, 2009.

6. Plaintiff worked in various departments of Defendant during his employment, including shop pennie, assembly and paint.

7. At all times while employed with Defendant, Plaintiff was classified as an hourly paid, non-exempt employee.

8. Plaintiff's last rate of pay with Defendant was $13.40 per hour with an overtime rate of $20.10.

9. Plaintiff regularly worked over forty hours in a work week.

## IV. COUNT ONE – FLSA – Overtime Violations

10. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 9 above as if fully set forth herein.

11. Plaintiff worked more than forty hours in a work week during one or more weeks in each department in which he worked while employed with Defendant.

12. Plaintiff typically showed up for work, and commenced work for the benefit of Defendant between 7 and 14 minutes prior to the start of his shift.

13. Upon clocking into work prior to the commencement of his shift, Plaintiff immediately began work for the benefit of Defendant.

14. Prior to July 2011 Defendant rounded Plaintiff's time to the start of Plaintiff's scheduled shift if Plaintiff clocked in less than fifteen minutes prior to the commencement of that shift.

15. If Plaintiff clocked in 15 minutes prior to the start of his shift he would be paid for those 15 minutes, but not for anything less than 15 minutes.

16. If Plaintiff clocked in between 16 and 29 minutes before the beginning of his shift, he would be paid for 15 minutes of work.

17. Commencing July 2011, Defendant altered its policy to change its "15 minute payment rule to thirty minutes." Thereafter, Plaintiff, and similarly situated co-workers, would not be paid for work performed pre-shift or post-shift in the 1-29

3

minute range.

18. Defendant automatically deducts thirty minutes for an unpaid meal break from hours shown worked by Plaintiff and similarly situated co-workers.

19. Plaintiff, and similarly situated co-workers, would clock in upon commencement of work for Defendant and clock out upon cessation of work prior to going home.

20. Defendant automatically deducted thirty minutes for an unpaid meal break from the time shown worked by Plaintiff and similarly situated co-workers.

21. At various times during Plaintiff's employment, he was unable to take a full uninterrupted meal break during each of the occasions when Plaintiff deducted that time from his hours worked.

22. On more than one occasion Plaintiff turned in a form/notice that he had not received a meal break, but was still not paid by Defendant.

23. Plaintiff addressed this issue of working through unpaid meal breaks with (FNU) Choy, but was told that she had to take the thirty minutes from his pay whether he got his meal break or not.

24. Defendant intentionally and willfully violated the FLSA by failing to pay Plaintiff and similarly situated co-workers for all hours worked in excess of forty hours in a work week at 1.5 times their regular hourly rate of pay in violation of the

FLSA.

25. As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

V. **COUNT TWO – OPT-IN COLLECTIVE ACTION**

26. Plaintiff adopts by reference each and every material averment contained in paragraphs 1 through 25 above as if fully set forth herein.

27. Plaintiff brings this suit as an opt-in collection action pursuant to the FLSA 16(b).

28. Defendant has employed approximately 600 people subjected to similar policy and practice violations of the FLSA as Plaintiff for three years preceding the filing of this complaint.

29. The potential class is comprised of any and all persons employed by Defendant and performing off the clock work without being paid at any time during the three (3) years preceding the filing of this Complaint.

30. Upon information and belief, Defendant has refused and is refusing to pay all employees for performing work during their meal break, as set forth above. Therefore, the potential plaintiff class is so numerous that joinder is impracticable.

31. Upon information and belief, the practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby

presenting both common questions of law and fact common to the class.

32. Upon information and belief, the claims of the representatives are typical of claims of the class. Plaintiff, and other similarly situated employees, were subjected to the same unlawful employment practices concerning inaccurate reporting of time, failure to pay wages, and other violations of the FLSA, as were other members of the class.

33. Upon information and belief, Plaintiff will fairly and adequately protect the interest of the class in that he shares common interests with the other members of the class and has employed counsel who will vigorously prosecute the interests of the class.

34. Upon information and belief, the questions of law and fact common to the members of the class predominate over any questions affecting only individual members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendant on all class members.

35. Upon information and belief, this collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential plaintiffs; because of the relatively moderate amount of damages available to Plaintiffs were they to commence an individual action; and, because of the predominate factual and legal questions common to all class members.

## VI. PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays for the following relief:

A. That the Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award Plaintiff, and other similarly situated employees the amount of their unpaid overtime wages, plus an additional equal amount as liquidated damages;

C. That Plaintiff, and other similarly situated employees, be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements, and interest;

D. Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 216(b) that the actions of Defendant is violative of the law;

E. For such other and further relief as this Court deems equitable, proper and just.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

<u>OF COUNSEL:</u>

ARENDALL & ARNOLD
2018 Morris Avenue
Birmingham, AL   35203
205.252.1550 – Office
205.252.1556 – Facsimile

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY FOR THE TRIAL OF THIS CAUSE.

_____
COUNSEL FOR PLAINTIFF

**SERVE DEFENDANT**:

Daewon America, Inc.
c/o Hee Yong Bang
Agent for Service of Process
4600 Northpark Drive
Opelika, AL 36801