IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:11cv1077-MHT |
| | ) | (WO) |
| DAEWON AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff Kelvin Todd brings this lawsuit under the
Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, on
behalf of himself and others similarly situated, alleging
that his former employer, defendant Daewon America, Inc.,
violated the FLSA's overtime-pay provisions.  The cause
is before the court on Daewon's motion to strike evidence
from the record.  For reasons that will be discussed, the
motion will be denied.

Daewon asks the court to strike three exhibits that
Todd filed in support of his motion for conditional
certification of a FLSA collective action.  The exhibits
pull data from Todd's time sheets and purport to

illustrate the systematic shorting of overtime from Todd's pay.

The Federal Rules of Civil Procedure restrict the use of a motion to strike to the pleadings.  A motion to strike is not an appropriate vehicle for a general attack on another litigant's affidavits and evidence.  See Lowery v. Hoffman, 188 F.R.D. 651, 653 (M.D. Ala 1999) (Thompson, J.); Fed. R. Civ. P. 12(f); see also 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37 [2] (3d ed.1999) ("Only material included in a 'pleading' may be subject of a motion to strike....  Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.").  Rather, the court will consider Daewon's motion to strike as notice of its objections to Todd's evidentiary submissions.

Daewon objects that Todd's exhibits fail to meet the requirements for admissibility in the Federal Rules of Evidence and "were prepared by an unnamed, unidentified person."  Def. Mot. (Doc. No. 20) at ¶ 4.  This court

does not share its concerns.  The three exhibits at issue use payroll figures from Todd's time sheets and demonstrate how the rounding practices resulted in the under-compensation Todd alleges.  The court has no problem accepting these exhibits as demonstrative aids--and helpful ones, at that.  See Bury v. Marietta Dodge, 692 F.2d 1335, 1338 (11th Cir. 1982) ("admissibility of demonstrative evidence is largely within the discretion of the trial court").  Todd clarifies in his reply to the motion to strike that his attorneys prepared the charts.

Moreover, the technical requirements of the Federal Rules of Evidence need not be met at this early stage. "The general rule in this Circuit is that parties' exhibits may be considered for purposes of pretrial rulings so long as they can be reduced to admissible form at trial." Longcrier v. HL-A Co., Inc., 595 F.Supp. 2d 1218, 1223 (S.D. Ala. 2008) (Steele, J.) (citing Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005)

and <u>U.S. Aviation Underwriters, Inc. v. Yellow Freight System, Inc.</u>, 296 F.Supp. 2d 1322, 1327 n.2 (S.D. Ala. 2003) (Steele, J.)).   The court finds that the demonstrative exhibits Todd submits are readily reducible to admissible form.  As such, Daewon's objections to this evidence are overruled.

***

Accordingly, it is ORDERED that defendant Daewon America, Inc.'s motion to strike (Doc. No. 20) is denied.

DONE, this the 13th day of February, 2013.

    /s/ Myron H. Thompson   
    UNITED STATES DISTRICT JUDGE