IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN TODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 3:11cv1077-MHT |
| | ) | (WO) |
| DAEWON AMERICA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff Kelvin Todd brings this action under the
Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, on
behalf of himself and others similarly situated, charging
that his former employer, defendant Daewon America, Inc.,
violated the FLSA's overtime-pay provisions.
Specifically, Todd alleges that Daewon had a policy of
paying for only 15 minutes of pre-shift work and that as
a result of this policy Daewon shorted his overtime pay;
Todd also alleges that Daewon deducted 30 minutes of pay
for a lunch break even though regularly requiring him to
work through lunch.  Jurisdiction is proper  pursuant to

29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

The case is now before the court on Todd's motion for approval of class notice.  For the reasons that follow, the court will grant Todd's motion for approval of class notice, albeit with an amendment to class definition as well.

## I.   <u>Procedural History</u>

Todd filed this lawsuit on December 16, 2011.  On February 29, 2012, he moved for conditional class certification so as to notify potential class members of their right to opt into his lawsuit under the FLSA's collective-action provision, 29 U.S.C. § 216(b).  By April 4, 2012, the motion was fully briefed and set for submission.

On February 13, 2013, the court conditionally certified a class "consisting of those nonexempt, hourly wage employees who worked at defendant Daewon America,

2

Inc.'s manufacturing plant in Opelika, Alabama for the three years preceding initiation of this suit." Order (Doc. No. 25.) The court further ordered that the parties submit a joint proposal on how to provide notice of the suit to potential opt-in plaintiffs.

The parties filed their joint notice on February 27, 2013. A few days later, the court convened the parties for an on-the-record conference call to discuss the joint notice. During the call, the court inquired as to the temporal scope of the class, as the notice informed potential opt-in plaintiffs they could join only if they worked for Daewon between May 1, 2009,and December 16, 2011, the latter date being the date of filing of this lawsuit.[1] The notice, however, was directed to, "All

---

1. In FLSA collective actions, the action commences for an opt-in plaintiff the day the plaintiff's consent to opt into the lawsuit is filed with the court. Here, plaintiff's counsel intends to ask the court to toll the statute of limitations during the period when the court had the motion for conditional class certification under advisement. The parties thus agreed to include opt-in plaintiffs who worked for Daewon as far back as May 1, 2009.

present and former hourly paid employees of Daewon
America, Inc.'s Auburn, Alabama facility who worked forty
hours or more in one or more work weeks from May 1, 2009,
to the present." Notice (Doc. No. 28-1) at 1.[2] In light
of the conflict within the notice and because of the
parties' indecision as to the proper temporal scope, the
court ordered further briefing on the issue.

Todd now asserts that the collective action should
include all employees who worked for Daewon at any point
during the three years before joining the lawsuit. This
comports with the applicable statute of limitations,
which extends back three years from the date an opt-in
plaintiff files his or her consent to join the suit. 29
U.S.C. § 255(a); 29 U.S.C. § 256(b). Todd thus asks the
court to approve a revised class notice that reflects the
inclusion of such persons. Daewon, however, insists that
including employees who did not work for Daewon until

---

2. The notice has a typographical error: the plant
is in Opelika, not Auburn. The parties have agreed to
rectify this error before sending out the class notice.

4

after Todd filed his complaint would contravene the court's previous definition of the class and objects to the revised notice on this basis.

## II.  Discussion

The FLSA provision authorizing collective actions requires only that the other employees seeking to join the lawsuit be "similarly situated." 29 U.S.C. § 216(b). Absent further statutory instruction, courts have developed a two-step process for managing these collective actions. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1260 (11th Cir. 2008). At the first stage, courts authorize the original plaintiff to notify other potential plaintiffs of their right to opt into his lawsuit. See id. In order to ensure the employer turns over the names and addresses of potential opt-in plaintiffs and to avoid abuse of the notice process, courts conditionally certify a class of employees to whom notice of the suit may be sent. The employer can then

5

move to decertify the class at the second stage, and the court will view the contours of the collective action more critically.  Id. at 1261.

In considering the propriety of any particular FLSA class, courts must bear in mind the purposes of the FLSA collective-action mechanism: "(1) reducing the burden on plaintiffs through the pooling of resources, and (2) efficiently resolving common issues of law and fact that arise from the same illegal conduct."  Morgan, 551 F.3d at 1264 (citing Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165, 170 (1989)).

Including those employees who began working for Daewon after the complaint in this case was filed will further the purposes of the FLSA collective action.  Opt-in plaintiffs will be spared the cost and delay of initiating a separate lawsuit, and all parties will benefit from efficient resolution of the allegations.

Nor are these employees too dissimilar to Todd to join his lawsuit.  There is no indication that Daewon's

overtime policies or practices have changed since the
complaint was filed.  To the extent Daewon's opposition
to the scope of the class is an attempt to re-litigate
the motion for conditional class certification, the court
stands by its original decision.  The court defined the
class as reaching back three years before the initiation
of the lawsuit, but left the temporal scope otherwise
open-ended.  The court did not, as Daewon insists, cut
off the class the day this suit was filed.  For the sake
of clarity, however, the court will amend its definition
of the conditional class to explicitly include employees
currently working for Daewon.

                              ***

     Accordingly, it is ORDERED as follows:

     (1)  Plaintiff Kelvin Todd's motion for entry of
plaintiff's revised notice (doc. no. 30) is granted.

     (2) The opinion and order granting plaintiff Todd's
motion for conditional class certification (doc. no. 25)
is amended to the extent that the court conditionally

                               7

certifies a class consisting of those nonexempt, hourly wage employees who worked at defendant Daewon America, Inc.'s manufacturing plant in Opelika, Alabama for the three years preceding initiation of this suit to the present.

It is further ORDERED that the parties' joint motion for approval of class notice (doc. no. 28) is denied as moot.

DONE, this the 20th day of March, 2013.

_/s/ Myron H. Thompson_
**UNITED STATES DISTRICT JUDGE**