IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN TODD, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
|     v. | ) | 3:11cv1077-MHT |
| | ) | (WO) |
| DAEWON AMERICA, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

OPINION

Plaintiff Kelvin Todd brings this lawsuit under the
Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, on
behalf of himself and others similarly situated, claiming
that his former employer, defendant Daewon America, Inc.,
violated the FLSA's overtime-pay provisions.
Specifically, Todd alleges that the company had a policy
of paying for only 15 minutes of pre-shift work and that
as a result of this policy the company shorted his
overtime pay. Todd also alleges that Daewon America
deducted 30 minutes of pay for a lunch break despite
regularly requiring him to work through lunch.

Jurisdiction is proper  pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

Relying on Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure, Daewon America has filed a motion to dismiss the following 14 'opt-in plaintiffs' in this case: Matthew Bolt, James Brooks, Willie Davis, Jeffery Heard, Charlie Herron, Kathleen Hursh, Euseiok Jeong, Daniel Kim, Ji Kun Kim, Edwin Reece, David Sargent, Icjock Taylor, Barbara Wise, and James Yielding. For the reasons that follow, the company's dismissal motion will be granted as to these 14 opt-in plaintiffs.[1]

## I.  Factual Background

Todd worked for Daewon America from September 2, 2009, until December 3, 2011.  He worked in several

---

1. Daewon America's motion seeks dismissal of four additional opt-in plaintiffs: Christopher Maisel, Byron Brundage, Donald Clayton, and Christopher Parker. However, they are not at issue for this opinion.  Maisel has already been dismissed, and whether the motion should be granted as to the other three opt-in plaintiffs will be addressed later.

different departments at its manufacturing plant in Opelika, Alabama, including shot peening, assembly, and paint.  His last rate of pay with the company was $ 13.40 an hour, with an overtime rate of $ 20.10 an hour.

Todd alleges that, although Daewon America paid him some overtime, it did not pay him for all the overtime he worked.  The FLSA requires that any employee who works over 40 hours a week receive one-and-a-half times his regular pay for all excess hours.  29 U.S.C. § 207.

Todd contends that he was underpaid as a result of Daewon America's rounding practices.  The company's policy was to pay for pre-shift overtime work only if the employee worked an excess of 15 minutes before the start of his shift. Todd regularly began work for the company before the start of his shift, but was not paid for that time because it did not exceed 15 minutes; if he worked more than 15 minutes pre-shift, the company paid him for the 15 minutes but no more.  In July 2011, the company changed its policy so that it would not pay for any pre-

shift time unless the employee worked an excess of 30 minutes pre-shift.  According to Todd, this change resulted in further under-compensation in violation of FLSA.  Additionally, Todd says he was routinely required to work through his lunch break, but the company still deducted 30 minutes pay for his lunch.

## II. Procedural Background

Todd filed this lawsuit and subsequently moved for conditional class certification so as to notify potential class members of their right to opt into his lawsuit under the FLSA's collective-action provision, 29 U.S.C. § 216(b).  The court conditionally certified a class "consisting of those nonexempt, hourly wage employees who worked at defendant Daewon America America, Inc.'s manufacturing plant in Opelika, Alabama for the three years preceding initiation of this suit to the present." Todd v. Daewon Am., Inc., 2013 WL 557859 *6 (M.D. Ala. 2013), as amended by Todd v. Daewon Am., Inc., 2013 WL

1163431 *2 (M.D. Ala. 2013).  The court further approved a notice procedure to persons who were alleged members of the class.  Todd v. Daewon Am., Inc., 2013 WL 1163431 (M.D. Ala. 2013), as amended by order of April 3, 2013 (Doc. No. 36).  Forty or so persons opted into this case.

The United States Magistrate Judge issued an order limiting Daewon America's discovery to eleven interrogatories and one request for production for each opt-in plaintiff remaining in the case.  She also allowed the company to take depositions of nine opt-in plaintiffs for up to two hours.  The company served the remaining opt-in plaintiffs with the same set of interrogatories and requests for production. It also agreed with the named plaintiff's counsel on which nine opt-in plaintiffs to depose.

Daewon America now moves to dismiss 14 opt-in plaintiffs for failure to comply with the court's discovery order and for abandonment of their claims.  The company contends that this case should be dismissed

5

because the 14 opt-in plaintiffs have refused to cooperate in discovery and comply with the court's discovery orders and because they are no longer otherwise interested in pursuing this litigation. The named plaintiff's counsel have informed the court that they cannot present evidence to dispute the company's assertions. As described below, each opt-in plaintiff failed to answer the company's interrogatories, as required by court order and despite repeated attempts by the named plaintiff's counsel to obtain their responses. Some also failed to appear for scheduled depositions. And some have simply shown by their conduct that they are no longer interested in this case, that is, that they have abandoned the litigation. All were warned by the named plaintiff's counsel that failure to comply with their discovery obligations could result in dismissal. The following is a description of each opt-in plaintiff's failure to respond:

## 1. Matthew Bolt

- Bolt did not appear for his scheduled deposition on February 27, 2013.

- He did not provide signed and notarized answers to Daewon America's interrogatories.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in dismissal from the case.

## 2. James Brooks

- Brooks did not cooperate with the named plaintiff's counsel in answering Daewon America's interrogatories.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in dismissal from the case.

## 3. Willie Davis

- Davis did not appear for his deposition scheduled on December 5, 2013.

- He did not cooperate with the named plaintiff's counsel in answering Daewon America's interrogatories.

- He called the named plaintiff's counsel to say he wanted to be dismissed, but failed to provide written authority for counsel to dismiss him from the case as requested.

7

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in dismissal from the case.

## 4. Jeffery Heard

- Heard failed to answer Daewon America's interrogatories.

- He appeared for his deposition on January 27, 2013, watched the deposition of another opt-in plaintiff, and then left the location before the start of his deposition.

- The named plaintiff's counsel attempted to obtain written authorization to dismiss him from the case, but he has not responded.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in dismissal from the case.

## 5. Charlie Herron

- The named plaintiff's counsel attempted to contact Herron to obtain his interrogatory answers, but he hung up on counsel.

- The named plaintiff's counsel attempted to obtain written authority to dismiss him from the case, but he did not respond.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in dismissal from the case.

## 6. Kathleen Hursh

- Hursh's family informed the named plaintiff's counsel that she moved to Las Vegas, left no forwarding address, and is now estranged from her family.

- The named plaintiff's counsel informed her on March 3, 2014, that failure to participate in discovery could result in her dismissal from the case.

## 7. Euseiok Jeong

- Jeong did not appear for his deposition on December 5, 2013.

- He failed to answer Daewon America's interrogatories.

- The named plaintiff's counsel attempted to receive written authority to dismiss him from the case, but Jeong did not respond.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in his dismissal from the case.

## 8. Daniel Kim

- Kim failed to return signed and notarized interrogatories to the named plaintiff's counsel.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in

discovery could result in his dismissal from the case.

## 9. Ji Kun Kim

- Kim did not cooperate with the named plaintiff's counsel in answering Daewon America's interrogatories.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in his dismissal from the case.

## 10. Edwin Reese

- Reese failed to return signed and notarized interrogatories to the named plaintiff's counsel.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in his dismissal from the case.

## 11. David Sargent

- Sargent failed to return signed and notarized interrogatories to the named plaintiff's counsel.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in his dismissal from the case.

## 12. Icjock Taylor

- Taylor failed to return Daewon America's interrogatories to the named plaintiff's counsel.

- He was excused from attending his January 27, 2014 deposition due to the birth of his child.

- He failed to attend the rescheduled date of February 27, 2014.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in his dismissal from the case.

## 13. Barbara Wise

- Wise failed to cooperate with the named plaintiff's counsel in answering Daewon America's interrogatories.

- She failed to return signed and notarized interrogatories to the named plaintiff's counsel.

- The named plaintiff's counsel informed her on March 3, 2014, that failure to participate in discovery could result in her dismissal from the case.

## 14. James Yielding

- Yielding failed to appear for his deposition on December 5, 2013.

- He cooperated with the named plaintiff's counsel on only some of Daewon America's interrogatories.

- The named plaintiff's counsel informed him on March 3, 2014, that failure to participate in discovery could result in his dismissal from the case.

### III.  Legal Standard

If a party fails to obey an order to permit or provide discovery, then under Fed. R. Civ. P. 37(b)(2) the court may issue further orders to remedy the failure or may impose sanctions, including dismissing the action or proceeding in its entirety or in part.  A plaintiff's deliberate refusal to comply with a court's discovery order is a sufficient basis for dismissal.[2] See <u>Phipps v.</u>

---

2.  Rule 37(b)(2) provides:

"(b) Failure to Comply with a Court Order.
....

(2) Sanctions Sought in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order.

(continued...)

12

---

(...continued)

> If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an

(continued...)

<u>Blakeney</u>, 8 F.3d 788, 790-791 (11th Cir. 1993).  However,
before a court may order dismissal as a sanction for a
discovery violation, it should consider the efficacy of
other less drastic sanctions.  <u>In re Sunshine Jr. Stores,
Inc.</u>, 456 F.3d 1291, 1305-06 (11th Cir. 2006); <u>Malautea</u>

---

(...continued)

order to submit to a physical or mental
examination.

(B) For Not Producing a Person for
Examination. If a party fails to comply
with an order under Rule 35(a) requiring
it to produce another person for
examination, the court may issue any of
the orders listed in Rule
37(b)(2)(A)(i)-(vi), unless the
disobedient party shows that it cannot
produce the other person.

(C) Payment of Expenses. Instead of or
in addition to the orders above, the
court must order the disobedient party,
the attorney advising that party, or
both to pay the reasonable expenses,
including attorney's fees, caused by the
failure, unless the failure was
substantially justified or other
circumstances make an award of expenses
unjust."

Fed. R. Civ. P. 37(b)(2).

14

v. Suzuki Motor Co. Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993).

Furthermore, if the plaintiff fails to prosecute or to comply with a court order, then under Fed. R. Civ. P. 41(b) a defendant may move to dismiss the action or any claim.  Unless the court states otherwise, a dismissal under Rule 41(b) constitutes an adjudication on the merits.[3]  The legal standard to be applied is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)

---

3. Rule 41(b) provides:

> "(b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits."

Fed. R. Civ. P. 41(b).

15

(internal citation omitted). While dismissal is a sanction of last resort, the decision is an inherent part of a district court's authority to enforce its orders. <u>Id</u>.


### IV. Discussion

Congress made clear that opt-in plaintiffs in a FLSA case should have the same status in relation the claims of the lawsuit as do the named plaintiffs. <u>See</u> <u>Morgan v. Family Dollar Stores, Inc.</u>, 551 F.3d 1233, 1259 (11th Cir. 2008). In order to bring a collective-action FLSA case, "similarly situated employees must affirmatively opt into the litigation." <u>Id</u>. The existence of the collective action depends on "active participation of other plaintiffs." <u>Id</u>. (internal citation omitted).

By affirmatively joining this FLSA lawsuit, the 14 opt-in plaintiffs listed above accepted a duty to participate in this case by appearing for depositions and responding to discovery requests. While some delay or

rescheduling of depositions may be justified, nothing in the record is offered to explain these opt-in plaintiffs' failure to answer interrogatories or cooperate with their own attorneys. The named plaintiff's counsel made efforts by telephone and mail to seek the cooperation of these opt-in plaintiffs and explicitly informed each opt-in plaintiff that a failure to respond to interrogatories could mean his or her dismissal from the case. Despite these repeated efforts, these 14 opt-in plaintiffs have been unresponsive to their own lawyers even when threatened with dismissal. While some opt-in plaintiffs explicitly indicated that they wanted to be dismissed from this case, none provided written permission to do so as requested by their lawyer.

In light of these 14 opt-in plaintiffs' disregard for their discovery obligations and their lack of communication with their own attorneys, the court finds dismissal of their claims appropriate under both Rules 37(b)(2) and 41(b). The court interprets the opt-in

17

plaintiffs' actions as a "deliberate refusal" to comply with the court's discovery order, Phipps, 8 F.3d 790-791, and, indeed, as a simple abandonment of this litigation. The named plaintiff's counsel cannot offer any evidence to explain the opt-in plaintiffs' failure to respond to court orders or participate in discovery, nor do they suggest that additional orders from the court will elicit any response or participation.

Moreover, the court finds that imposing sanctions short of dismissal would not work. Even if the court were to grant a motion to compel, the record indicates that the opt-in plaintiffs would be unresponsive to such an order, further delaying the progress of this case. In some instances, as stated, the opt-in plaintiffs have explicitly indicated that they are no longer interested in actively participating in this case. Indeed, these opt-in plaintiffs appear to have such little investment in the case that they have failed to follow through by providing written authorization to the named plaintiff's

18

counsel for dismissal.  In short, the opt-in plaintiffs'
lack of response and participation demonstrates to this
court a knowing and voluntary lack of interest in
continuing as opt-in plaintiffs.

***

Based on the 14 opt-in plaintiffs' "deliberate
refusal to comply" with the court's discovery order,
their obvious lack of interest in their own claims, and
their lack of responsiveness to the named plaintiff's
counsel, the court will, pursuant to both Rule 37(b)(2)
and Rule 41(b) of the Federal Rules of Civil Procedure,
grant Daewon America's dismissal motion and will dismiss
with prejudice the following 14 opt-in plaintiffs from
this FLSA case:  Matthew Bolt, James Brooks, Willie
Davis, Jeffery Heard, Charlie Herron, Kathleen Hursh,
Euseiok Jeong, Daniel Kim, Ji Kun Kim, Edwin Reece, David
Sargent, Icjock Taylor, Barbara Wise, and James Yielding.

19

And appropriate judgment will be entered.

DONE, this the 18th day of April, 2014.

                    /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE