IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| KELVIN TODD,              ) | |
|     )  | |
|   Plaintiff,    ) | |
|     ) | CIVIL ACTION NO. |
|   v.            ) | 3:11cv1077-MHT |
|     ) | (WO) |
| DAEWON AMERICA, INC.,     ) | |
|     ) | |
|   Defendant.    ) | |

OPINION AND ORDER

Plaintiff Kelvin Todd brings this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, on behalf of himself and others similarly situated, claiming that his former employer, defendant Daewon America, Inc., violated the FLSA's overtime-pay provisions. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

Relying on Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure, Daewon America has filed a motion to dismiss the following three 'opt-in plaintiffs' in the case: Byron Brundage, Donald Clayton, and Christopher Parker. For the reasons that follow, the

company's motion will be denied as to these three opt-in plaintiffs.[*]

## I.  Factual Background

Todd worked for Daewon America from September 2, 2009, until December 3, 2011. He worked in several different departments at its manufacturing plant in Opelika, Alabama, including shot peening, assembly, and paint. His last rate of pay with the company was $ 13.40 an hour, with an overtime rate of $ 20.10 an hour.

Todd alleges that, although Daewon America paid him some overtime, it did not pay him for all the overtime he worked. The FLSA requires that any employee who works over 40 hours a week receive one-and-a-half times his regular pay for all excess hours. 29 U.S.C. § 207.

Todd contends that he was underpaid as a result of Daewon America's rounding practices. The company's

---

[*] Daewon America's motion seeks dismissal of 18 total opt-in plaintiffs. The court has already dismissed 15 of them. Todd v. Daewon Am., Inc., 2014 WL 1572605 (M.D. Ala. 2014), *5 & no. 1.

2

policy was to pay for pre-shift overtime work only if the employee worked an excess of 15 minutes before the start of his shift. Todd regularly began work for the company before the start of his shift, but was not paid for that time because it did not exceed 15 minutes; if he worked more than 15 minutes pre-shift, the company paid him for the 15 minutes but no more.  In July 2011, the company changed its policy so that it would not pay for any pre-shift time unless the employee worked an excess of 30 minutes pre-shift.  According to Todd, this change resulted in further under-compensation in violation of FLSA.  Additionally, Todd says he was routinely required to work through his lunch break, but the company still deducted 30 minutes pay for his lunch.

## II. Procedural Background

Todd filed this lawsuit alleging that, in violation of the FLSA, Daewon America had a policy of paying for only 15 minutes of pre-shift work and that as a result of

this policy the company shorted his overtime pay. He also alleges that the company, in violation of the FLSA, deducted 30 minutes of pay for a lunch break despite regularly requiring him to work through lunch. He subsequently moved for conditional class certification so as to notify potential class members of their right to opt into his lawsuit under the FLSA's collective-action provision, 29 U.S.C. § 216(b). The court conditionally certified a class "consisting of those nonexempt, hourly wage employees who worked at defendant Daewon America, Inc.'s manufacturing plant in Opelika, Alabama for the three years preceding initiation of this suit to the present." Todd v. Daewomn Am., Inc., 2013 WL 557859 *6 (M.D. Ala. 2013), as amended by Todd v. Daewon Am., Inc., 2013 WL 1163431 *2 (M.D. Ala. 2013). The court further approved a notice procedure to persons who were alleged members of the class. Todd v. Daewon Am., Inc., 2013 WL 1163431 (M.D. Ala. 2013), as amended by order of April 3,

2013 (Doc. No. 36). Forty or so persons opted into this case.

The United States Magistrate Judge issued an order limiting Daewon America's discovery to eleven interrogatories and one request for production for each opt-in plaintiff remaining in the case. She also allowed the company to take depositions of nine opt-in plaintiffs for up to two hours. The company served the remaining opt-in plaintiffs with the same set of interrogatories and requests for production. It also agreed with the named plaintiff's counsel on which nine opt-in plaintiffs to depose.

Daewon America now moves to dismiss these three opt-in plaintiffs because of their insufficient responses to interrogatories and their failure to appear for their scheduled depositions: Brundage, Clayton, and Parker. The named plaintiff's counsel argue that, while the parties dispute the sufficiency of the interrogatory responses provided, these three opt-in plaintiffs did provide

responses and therefore should not be dismissed from the case and settlement agreement.

### III. Legal Standard

Under Fed. R. Civ. P. 37(b)(2), if a party fails to obey an order to permit or provide discovery, the court may issue further orders to remedy the failure or can impose sanctions including dismissing the action or proceeding in its entirety or in part. A plaintiff's deliberate refusal to comply with a court's discovery order is a sufficient basis for dismissal. See <u>Phipps v. Blakeney</u>, 8 F.3d 788, 790-791 (11th Cir. 1993). However, before a court may order dismissal as a sanction for a discovery violation, it should consider the efficacy of other less drastic sanctions. <u>In re Sunshine Jr. Stores, Inc.</u>, 456 F.3d 1291, 1305-06 (11th Cir. 2006); <u>Malautea v. Suzuki Motor Co. Ltd.</u>, 987 F.2d 1536, 1542 (11th Cir. 1993).

Furthermore, under Fed. R. Civ. P. 41(b), if the plaintiff fails to prosecute or to comply with a court order, a defendant may move to dismiss the action or any claim. Unless the court states otherwise, a dismissal under Fed. R. Civ. P. 41(b) constitutes an adjudication on the merits. The legal standard to be applied is whether there is a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). While dismissal is a sanction of last resort, the decision is an inherent part of a district court's authority to enforce its orders. Id.

## IV. Discussion

Congress made clear that opt-in plaintiffs in a FLSA case should "have the same status in relation the claims of the lawsuit as do the named plaintiffs." Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008). In order to bring a collective-action FLSA

case, "similarly situated employees must affirmatively opt into the litigation." Id. The existence of the collective action depends on "active participation of other plaintiffs." Id.

By affirmatively joining this FLSA lawsuit, opt-in plaintiffs Brundage, Clayton, and Parker accepted a duty to participate in this case by appearing for depositions and responding to discovery requests.  Unlike the 14 opt-in plaintiffs already dismissed from this case, see Todd v. Daewon Am., Inc., 2014 WL 1572605 (M.D. Ala. 2014), opt-in plaintiffs Brundage, Clayton, and Parker met most of their discovery obligations by providing notarized responses to Daewon America's interrogatories. Although Daewon America alleges that the substance of these responses is insufficient, the fact that they responded is nevertheless a demonstration of the opt-in plaintiffs' active involvement in the case. Furthermore, unlike the 14 opt-in plaintiffs already dismissed, see id., there is nothing in the record to suggest that these

8

three opt-in plaintiffs are entirely unresponsive to named plaintiff's counsel or that further discovery orders from the court would be ignored.

Therefore, in light of the fact that opt-in plaintiffs Brundage, Clayton, and Parker have provided responses to interrogatories, the court cannot find that they deliberately disobeyed a court order, <u>Blakeney</u>, 8 F.3d at 790-791, or willfully delayed or abandoned the case, <u>Goforth</u>, 766 F.2d 1533. While it is true that they failed to appear for depositions, dismissal is too harsh sanction, particularly given that they have been responsive to the other discovery requests in the case and given that the court is of the opinion that a lesser sanction, such as a monetary one, would suffice and that the needed discovery can still be obtained with further orders.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Daewon America, Inc.'s motion to dismiss (doc. no. 101) is denied as to these three opt-in plaintiffs: Byron Brundage, Donald Clayton, and Christopher Parker

(2) Opt-in plaintiffs Brundage, Clayton, and Parker are not dismissed.

(3) This dismissal motion is now completely resolved.

DONE, this the 13th day of May, 2014.

                                               /s/ Myron H. Thompson
                                             **UNITED STATES DISTRICT JUDGE**