IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
KELVIN TODD,                )
                            )
     Plaintiff,             )
                            )       CIVIL ACTION NO.
     v.                     )       3:11cv1077-MHT
                            )            (WO)
DAEWON AMERICA, INC.,       )
                            )
     Defendant.             )
```

OPINION AND ORDER

Plaintiff Kelvin Todd brings this action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, on behalf of himself and others similarly situated, claiming that his former employer, defendant Daewon America, Inc., violated the FLSA's overtime-pay provisions. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).

Daewon America has filed a motion for summary judgment on the claims of two 'opt-in plaintiffs' in the

case: Lashon'te Tolbert and Antwan Patrick.   For the reasons that follow, the company's motion will be denied.*

## I.  Factual Background

Todd worked for Daewon America from September 2, 2009, until December 3, 2011. He worked in several different departments at its manufacturing plant in Opelika, Alabama, including shot peening, assembly, and paint.  His last rate of pay with the company was $ 13.40 an hour, with an overtime rate of $ 20.10 an hour.

Todd alleges that, although Daewon America paid him some overtime, it did not pay him for all the overtime he worked. The FLSA requires that any employee who works over 40 hours a week receive one-and-a-half times his regular pay for all excess hours.  29 U.S.C. § 207.

Todd contends that he was underpaid as a result of Daewon America's rounding practices.   The company's

_____

*Daewon America moved for summary judgment on the claims of six opt-in plaintiffs.  The motion remains unresolved as to the claims of only Tolbert and Patrick. See order of April 17, 2014 (Doc. No. 114).

policy was to pay for pre-shift overtime work only if the employee worked an excess of 15 minutes before the start of his shift. Todd regularly began work for the company before the start of his shift, but was not paid for that time because it did not exceed 15 minutes; if he worked more than 15 minutes pre-shift, the company paid him for the 15 minutes but no more.  In July 2011, the company changed its policy so that it would not pay for any pre-shift time unless the employee worked an excess of 30 minutes pre-shift.  According to Todd, this change resulted in further under-compensation in violation of FLSA.  Additionally, Todd says he was routinely required to work through his lunch break, but the company still deducted 30 minutes pay for his lunch.

## II. Procedural Background

Todd filed this lawsuit alleging that, in violation of the FLSA, Daewon America had a policy of paying for only 15 minutes of pre-shift work and that as a result of

3

this policy the company shorted his overtime pay.  He
also alleges that the company, in violation of the FLSA,
deducted 30 minutes of pay for a lunch break despite
regularly requiring him to work through lunch.  He
subsequently moved for conditional class certification so
as to notify potential class members of their right to
opt into his lawsuit under the FLSA's collective-action
provision, 29 U.S.C. § 216(b). The court conditionally
certified a class "consisting of those nonexempt, hourly
wage employees who worked at defendant Daewon America,
Inc.'s manufacturing plant in Opelika, Alabama for the
three years preceding initiation of this suit to the
present." Todd v. Daewom Am., Inc., 2013 WL 557859 *6
(M.D. Ala. 2013), as amended by Todd v. Daewon Am., Inc.,
2013 WL 1163431 *2 (M.D. Ala. 2013).  The court further
approved a notice procedure to persons who were alleged
members of the class. Todd v. Daewon Am., Inc., 2013 WL
1163431 (M.D. Ala. 2013), as amended by order of April 3,

2013 (Doc. No. 36).  Forty or so persons opted into this case.

The United States Magistrate Judge issued an order limiting Daewon America's discovery to eleven interrogatories and one request for production for each opt-in plaintiff remaining in the case.  She also allowed the company to take depositions of nine opt-in plaintiffs for up to two hours. The company served the remaining opt-in plaintiffs with the same set of interrogatories and requests for production. It also agreed with the named plaintiff's counsel on which nine opt-in plaintiffs to depose.

Daewon America now moves for summary judgment on claims of opt-in plaintiffs Tolbert and Patrick because, according to Daewon America, neither has ever worked at the company's Opelika plant as required by the court's class-certification order.

### III.   Legal Standard

"A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the admissible evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### IV. Discussion

The crux of Daewon America's argument is that opt-in plaintiffs Tolbert and Patrick were never part of this class because they never worked at the Opelika plant.

At a conference call held on the record on May 14, 2014, counsel for the named opt-in plaintiff represented

6

to the court, and Daewon America did not contest, that these two opt-in plaintiffs initially joined the case because the company put their names on the list of potential opt-in plaintiffs to whom notice would be sent. In other words, the only reason that these opt-in plaintiffs joined this case in the first place was because Daewon America identified them as potential opt-in plaintiffs.

Furthermore, this case has already settled. The settlement agreement, including the amount to be awarded, was executed based on the understanding that these two opt-in plaintiffs would be included in the settlement. For that reason, the court agrees with counsel for the named plaintiff: ultimately Daewon America's summary-judgment motion is simply moot at this stage. The settlement resolved the case, and the company should not be able, after the settlement, to continue its challenge as to whether a particular opt-in plaintiff's claim has merit; otherwise, the settlement would be

meaningless.   After the settlement, the merit of any particular claim is no longer relevant.

Finally, to the extent that summary-judgment motion is not moot, the court denies it in the interest of equity and fairness.  For, unlike the other individuals whom the court has already dismissed, essentially because they in one way or another abandoned this case, see Todd v. Daewon Am., Inc., 2014 WL 1572605 (M.D. Ala. 2014) ("In short, the opt-in plaintiffs' lack of response and participation demonstrates to this court a knowing and voluntary lack of interest in continuing as opt-in plaintiffs."), these two opt-in plaintiffs are facing exclusion from the case, and from an already agreed-upon settlement, through absolutely no fault of their own. Indeed, if the current predicament is anyone's fault, it is the fault of Daewon America, which initiated these individuals' participation in this case and waited until now to raise their alleged exclusion from the class.   In light of this lopsided distribution of responsibility,

the court finds that denial of the motion is the equitable result. <u>Cf</u>. <u>Justice v. United States</u>, 6 F.3d 1474, 1479 (11th Cir. 1993) (considering "conflicting concerns ... regarding ... fairness" in the context of equitable tolling of statutes of limitations, and noting that "[t]he interests of justice are most often aligned with the plaintiff when the defendant misleads her...").

Therefore, regardless of what the merits of the summary-judgment motion would have been had Daewon America raised it in a different posture, the court will deny the motion given these two opt-in plaintiffs' blamelessness, Daewon America's own role in creating this problem, and the fact that the case has already been settled.

***

Accordingly, it is ORDERED that the motion for summary judgment filed by defendant Daewon America, Inc. (Doc. No. 98) is denied as to opt-in plaintiffs Lashon'te

Tolbert and Antwan Patrick.  This summary-judgment motion

is now completely resolved.

DONE, this the 15th day of May, 2014.

   /s/ Myron H. Thompson   
UNITED STATES DISTRICT JUDGE