IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
KELVIN TODD,                  )
                              )
    Plaintiff,                )
                              )     CIVIL ACTION NO.
    v.                        )      3:11cv1077-MHT
                              )           (WO)
DAEWON AMERICA, INC.,         )
                              )
    Defendant.                )
```

OPINION AND ORDER

Plaintiff Kelvin Todd sued defendant Daewon America, Inc., for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question). This matter is before the court on the plaintiff's motion for modification of settlement approval. For the reasons below, the motion will be denied.

I. BACKGROUND

Todd sued Daewon under the FLSA alleging that Daewon had underpaid him and other employees. After

the court conditionally certified a plaintiff class, the parties negotiated a settlement. The settlement agreement states: "the Settlement Amount of this Agreement is a lump sum payment by Defendant to Plaintiffs in the amount of One Hundred and Twenty Thousand Dollars ($120,000.00) made payable to the Plaintiffs' law firm, Arendall Law Firm, Inc., d/b/a Arendall & Arnold, as attorney for Plaintiffs." Amended Settlement Agreement (doc. no. 131-1) at 5. The settlement explains that this sum represents "a compromised payment for Plaintiffs' claimed back-pay wages and liquidated damages" and that "the Opt-in Plaintiffs and their attorneys will decide the amounts to be distributed to each Plaintiff and the amount of attorneys' fees, costs and expenses." Id. at 6.

Upon plaintiff Todd's motion, the court held a fairness hearing on the proposed settlement agreement. At the fairness hearing, At the fairness hearing, Todd's attorney explained how the $ 120,000 lump-sum settlement would be divided: $ 29,771.91 would go to

award back pay for each member of the plaintiff class for the two and half of the three years they originally had sought; Todd would receive $ 4,981.81 in "incentive pay," to compensate primarily for the time he invested in the lawsuit; Todd' attorneys would receive $ 81,246.29 in attorneys' fees; and $ 4,000.00 would go towards the attorneys' costs. Fairness Hearing Transcript (doc. no. 136) at 3-4.

Months later, Todd filed the instant motion requesting that the court modify its approval of the settlement by requiring--in place of the settlement's lump-sum provision--that Daewon issue separate payroll checks to each member of the plaintiff class and withhold payroll taxes from those checks.

## II. ANALYSIS

As grounds for the motion to modify, Todd reports that, after the fairness hearing, an accountant advised his attorney that "the employer must perform FICA withholding from the employee and match that sum for any

payments that Plaintiffs receive." Motion to Modify (doc. no. 132) at 1-2. Todd further argues that "[t]he IRS also requires tax withholding based upon W-4 forms on file with Defendant to be made from Plaintiffs' checks." Id. at 2.

Todd cites Internal Revenue Code §§ 3101, 3402, and 6051 in support of his argument. While I.R.C. § 3101 simply defines rates of income and other taxes and sets forth an exemption not applicable here, I.R.C. § 3402 states: "[E]very employer making payment of wages ... shall deduct and withhold upon such wages a tax determined in accordance with tables or computational procedures prescribed by the Secretary." 26 U.S.C. § 3402(a)(1). It further provides: "Tax paid by recipient. If the employer, in violation of the provisions of this chapter, fails to deduct and withhold the tax under this chapter, and thereafter the tax against which such tax may be credited is paid, the tax so required to be deducted and withheld shall not be collected from the employer; but this subsection

shall in no case relieve the employer from liability for any penalties or additions to the tax otherwise applicable in respect of such failure to deduct and withhold." § 3402(d).

Daewon opposes the motion to modify, noting that what the plaintiff class now requests is a significant departure from the parties' original agreement and that the plaintiff class was represented by counsel when the agreement was reached and therefore is bound by its agreement.

The court will not require modification of the settlement's lump-sum provision.  First, Todd has not shown that the settlement of a FLSA class action must be paid in the manner requested by the plaintiff class.  Indeed, lump-sum settlements--in which the settlement is tendered to the plaintiffs' attorney--appear to be common in FLSA class actions.  <u>See generally</u> Peter M. Panken et al., <u>An Overview Of Wage Hour Laws And Litigation: Avoiding The Pitfalls Of Back Wage Claims</u>, A.L.I.-A.B.A. Course of Study, SS032 ALI-ABA 793, 833-

5

834 (discussing two main ways of structuring settlements, one of which is a lump-sum payment to class counsel). Daewon does appear to subject itself to the possibility of penalties by not deducting and withholding taxes from the back pay it has agreed to pay under the settlement; however, this is a risk that Daewon assumed in negotiating this settlement.

Second, Todd was represented by counsel in this negotiation, and he has failed to present any reasonable justification for why this issue was not addressed in the settlement agreement or addressed prior to, or at, the fairness hearing. As Daewon points out, there is no reason that the members of the plaintiff class cannot pay taxes on the money they are to receive from the settlement. And there is no reason that Todd's attorney cannot issue the appropriate tax documentation to members of the plaintiff class when he issues their checks.

Under these circumstances, the court sees

no reason to set aside the agreement of the parties.

\* \* \*

Accordingly, it is ORDERED that the motion for modification of settlement approval (doc. no. 132) is denied.

DONE, this the 24th day of March, 2016.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**