IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
KELVIN TODD,                  )
                              )
     Plaintiff,               )
                              )     CIVIL ACTION NO.
     v.                       )      3:11cv1077-MHT
                              )          (WO)
DAEWON AMERICA, INC.,         )
                              )
     Defendant.               )
```

OPINION

Plaintiff Kelvin Todd sued defendant Daewon America, Inc., for violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question). Now before the court is Todd's motion for approval of the parties' settlement agreement. For the reasons below, the motion will be granted, with the exception noted below.

I. BACKGROUND

Todd filed his complaint against Daewon on behalf

of himself and others similarly situated employees, asserting that the company docked their pay for meal breaks not taken and underpaid them by improperly rounding the amount of their paychecks. He sought back pay for a three-year period and liquidated damages. Daewon denied that it had violated FLSA and that class certification was appropriate.

After the court conditionally certified a plaintiff class, the parties negotiated a settlement. The settlement agreement states: "the Settlement Amount of this Agreement is a lump sum payment by Defendant to Plaintiffs in the amount of One Hundred and Twenty Thousand Dollars ($120,000.00) made payable to the Plaintiffs' law firm, Arendall Law Firm, Inc., d/b/a Arendall & Arnold, as attorney for Plaintiffs." Amended Settlement Agreement (doc. no. 131-1) at 5. The settlement explains that this sum represents "a compromised payment for Plaintiffs' claimed back-pay wages and liquidated damages" and that "the Opt-in Plaintiffs and their attorneys will decide the amounts

to be distributed to each Plaintiff and the amount of attorneys' fees, costs and expenses." Id. at 6.

Todd moved the court to set a fairness hearing to approve the settlement. At the fairness hearing, Todd's attorney explained how the $ 120,000 lump-sum settlement would be divided: $ 29,771.91 would go to award back pay for each member of the plaintiff class for the two and half of the three years they originally had sought; Todd would receive $ 4,981.81 in "incentive pay," to compensate primarily for the time he invested in the lawsuit; Todd' attorneys would receive $ 81,246.29 in attorneys' fees; and $ 4,000.00 would go towards the attorneys' costs. Fairness Hearing Transcript (doc. no. 136) at 3-4. According to Todd's attorney, the $ 29,771.91 back-pay amount is equivalent to approximately 45 % of the maximum amount that the plaintiff class could possibly win at trial. He explained that this was a reasonable compromise in light of the uncertainty of recovery at trial and the difficulty of proving that Daewon willfully violated

3

FLSA; proof of a willful violation would be required both to obtain damages for a full three years instead of two, 29 U.S.C. § 255 (establishing two-year statute of limitation for FLSA claims but three years for "willful violation" of FLSA), and to obtain any recovery <u>at all</u> for eight opt-in plaintiffs whose claims accrued more than two years before the complaint was filed.

As for attorneys' fees, Todd's attorney represented that he would receive $ 81,246.29 of the settlement as payment in full of attorneys' fees, and that this would constitute a 53 % discount of the fees actually due; and that, while his costs were over $ 4,000.00, he would limit the charge to $ 4,000.00.

Counsel further explained that plaintiffs' back wages for the meal-break claims were calculated based upon their testimony as to the number of meal breaks they missed, while their rounding claims were based on an analysis of time and pay records.

At the hearing, Todd testified that he was

satisfied with the agreement and that the other class members had authorized him to accept the settlement on their behalf.

The court asked the parties to address whether the settlement's release provisions would preclude Todd or other opt-in plaintiffs from bringing non-FLSA-related claims against Daewon.  Both parties represented that the release provision in the settlement agreement applied solely to claims arising out of FLSA.

## II.  ANALYSIS

When an employee brings a private action under the FLSA and presents a proposed settlement agreement to the district court, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  A district court may approve the settlement of a FLSA suit if the agreement reflects "a reasonable compromise over issues, such as FLSA coverage or computation of

5

back wages, that are actually in dispute...." Id. at 1354.

Having reviewed the agreement, heard the evidence and argument of the parties at the fairness hearing, and reviewed the record in the case, the court finds that the parties have reached a settlement based on a negotiated, good-faith compromise of a bona-fide dispute over wages owed under the FLSA. Under the settlement, the plaintiffs would not recover liquidated damages, but would receive full back wages for two years plus half of the extra year of back wages they would receive if they were able to prove willfulness at trial. This is a reasonable compromise given the risk of not winning at trial and the likely difficulty of proving the willful violation of FLSA required for the third year's recovery and for eight opt-in plaintiffs to receive any recovery at all. Furthermore, the court finds, with one exception, that the agreement reflects a fair and reasonable resolution of the dispute between the parties.

As explained in the opinion denying Daewon's motion to file the settlement under seal and in other prior opinions of this court, this court will not approve a FLSA settlement that includes a confidentiality provision, as such a provision unfairly subjects Todd and the opt-in plaintiffs to the specter of contempt. See Todd v. Daewon America, Inc., 2014 WL 2608454 (M.D. Ala. June 11, 2014); Hogan v. Allstate Beverage Co., Inc., 821 F. Supp. 2d 1274, 1283-4 (M.D. Ala. 2011) (Thompson, J.) (finding that confidentiality provisions unequally benefit the employer and frustrate FLSA goals); see also Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1242 (M.D. Fla. 2010) (Merryday, J.); Elizabeth Wilkins, Silent Workers, Disappearing Rights: Confidential Settlements and the Fair Labor Standards Act, 34 Berkeley J. Emp. & Lab. L. 109, 113 (2013) ("Congress's intent to protect both the public's interest in a well-functioning economy and the vulnerable worker subject to unequal bargaining dynamics militates against secret settlements.").

Accordingly, this court will only grant approval of the settlement on the condition that the confidentiality agreement is stricken, so that Todd and other opt-in plaintiffs are not prevented from disclosing the existence and terms of the settlement agreement, including the amount of the settlement.

Further, the court's conclusion that the settlement is fair is premised on the finding, based on parties' representation, that the release provision in the settlement agreement does not preclude Todd or other opt-in plaintiffs from bringing non-FLSA-related claims against Daewon.

Finally, the court's approval is contingent on the requirement that Todd's counsel provide the members of the plaintiff class with the tax documentation required for them to correctly report their recoveries on their tax returns.

* * *

With the understanding that the proposed settlement incorporates the modification and is based on the understandings discussed above, the court will approve it, and an appropriate judgment will be entered to that effect.

DONE, this the 24th day of March, 2016.

                                            /s/ Myron H. Thompson
                                            **UNITED STATES DISTRICT JUDGE**